**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDALENA DELGADO DE ESCOBAR, | No. 09-73203 |
| Petitioner, | Agency No. A099-669-711 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

   Magdalena Delgado De Escobar, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Delgado De Escobar claimed gang members extorted money from her bakery business and threatened her when she refused to pay. Substantial evidence supports the BIA's denial of Delgado De Escobar's asylum and withholding of removal claims because she failed to establish that gang members targeted her on account of a political opinion, membership in a particular social group, or any other protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

We lack jurisdiction to consider Delgado De Escobar's challenge to the IJ's denial of her CAT claim because she did not exhaust the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("The plain language of

§ 1252(d)(1) . . . specifically mandates that the exhaustion of administrative remedies is a prerequisite to our jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**